UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GANNON JOINT VENTURE LIMITED PARTNERSHIP, et al., | )<br>)<br>) |
| Plaintiff(s), | )<br>) |
| vs. | ) Case No. 4:07CV1242 JCH<br>) |
| MASONITE CORPORATION, et al., | )<br>) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Masonite Corporation ("Masonite") and International Paper Company's ("International Paper") Motion for a Judgment on the Pleading as to Counts II, IV and XI of Plaintiffs' First Amended Complaint, filed February 1, 2008. (Doc. No. 29). The matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Gannon Joint Venture Limited Partnership ("GJVLP"), a Missouri limited partnership with its principal place of business in the State of Missouri, currently owns the Cedar Run apartment complex ("Cedar Run") in St. Louis, Missouri. (First Amended Complaint ("Complaint" or "Compl."), ¶¶ 1, 8). Plaintiff West Pointe Apartments, L.L.C. ("WPA"), a Missouri limited liability company with its principal place of business in the State of Missouri, currently owns the West Pointe apartment complex ("West Pointe") in St. Louis, Missouri. (Id., ¶¶ 2, 9). WPA acquired its interest in West Pointe from Plaintiff Gannon Partnership 19, L.P. ("GP19"), a Missouri limited partnership with its principal place of business in the State of Missouri, on March 11, 2002. (Id., ¶¶ 3, 9).[1]

---

[1] GP19 owned West Pointe from June 22, 1992, to March 11, 2002. (Compl., ¶ 10).

Defendant Masonite, a Delaware corporation authorized to do business in the State of Missouri, has manufactured and distributed a hardboard siding product known as "Stuccato" ("the Siding"). (Compl., ¶¶ 5, 12).[2] According to Plaintiffs, Masonite failed adequately to design, formulate, and/or test its hardboard Siding before distributing it as a purportedly durable and suitable residential siding product, and further failed to remove the Siding from the marketplace or take other remedial action in a timely manner upon learning of its defective nature. (Id., ¶ 12).[3]

Plaintiff The Gannon Development Company ("Gannon Development"), a Missouri corporation with its principal place of business in Missouri, provides general contracting construction services, among other services. (Compl., ¶¶ 4, 11). Non-party Charlie's Lumber & Supply, L.L.C., d/b/a O'Neil Lumber and Millwork ("O'Neil Lumber"), is an Illinois limited liability company authorized to do business in the State of Missouri. (Id., ¶ 7). At various times between approximately October, 1997, and December, 2000, Gannon Development purchased certain Siding from O'Neil Lumber on behalf of GJVLP, and installed the Siding on fifteen separate buildings in Phase II at Cedar Run. (Id., ¶ 22). Furthermore, at various times between approximately July, 1999, and November, 2000, Gannon Development purchased certain Siding from O'Neil Lumber on behalf of GP19, and installed the Siding on fourteen separate buildings in Phase III at West Pointe. (Id., ¶ 24).

---

[2] From approximately November, 1988, through August, 2001, Masonite was a wholly owned subsidiary of Defendant International Paper, a New York corporation authorized to do business in the State of Missouri. (Compl., ¶¶ 6, 20).

[3] Plaintiffs allege that beginning in 1980 or soon thereafter, Masonite was aware the Siding was subject to moisture invasion problems and premature failure due to its defective design. (Compl., ¶ 13). Plaintiffs maintain that despite this knowledge, Masonite continued to sell the Siding without correction, and in fact concealed the Siding's defective nature from the public. (Id.).

Plaintiffs allege that in or around June, 2005, the Siding at Cedar Run began to fail, as follows: swelling; deterioration of joint and ends; soft areas; and warping. (Compl., ¶ 23). Plaintiffs further allege the Siding at West Pointe began to fail in or around April, 2004, as follows: swelling; deterioration of joint and ends; and soft areas. (Id., ¶ 25). Plaintiffs filed their original Petition in this matter in Missouri State Court on January 23, 2007. (Plaintiffs' Memorandum in Opposition to Defendants' Motion for Judgment on the Pleading as to Counts II, IV and XI ("Plaintiffs' Opp."), P. 5). Defendants removed the action to this Court on July 9, 2007. (Doc. No. 1). In the instant Complaint, filed January 3, 2008, Plaintiffs assert the following claims for relief: Pre-Sale Intentional Suppression (Count II[4]); Post-Sale Intentional Suppression (Count IV[5]); Breach of Express Warranty (Count VI); Breach of Implied Warranty--Merchantability (Count VII); Breach of Implied Warranty--Fitness for Particular Purpose (Count VIII); Unfair Trade Practices under Mo. Rev. Stat. § 407.020 (Count IX); Negligence (Count X); and Declaratory Judgment (Count XI). (Doc. No. 17, ¶¶ 30-64).

As stated above, Defendants filed the instant Motion for a Judgment on the Pleading as to Counts II, IV and XI of Plaintiffs' First Amended Complaint on February 1, 2008. (Doc. No. 29).

## MOTION FOR JUDGMENT ON THE PLEADINGS STANDARD

"A motion for judgment on the pleadings will be granted only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law." Waldron v. Boeing Co., 388 F.3d 591, 593 (8th Cir. 2004) (internal quotations and citation omitted). In considering the motion, the Court accepts as true all facts pleaded by the nonmoving party, and draws all reasonable inferences from the facts in favor of the nonmoving party.

---

[4] Count I of Plaintiffs' Complaint was intentionally omitted. (Doc. No. 17, P. 12).

[5] The parties stipulated to the dismissal with prejudice of Counts III and V of Plaintiffs' Complaint. (Doc. No. 41).

Franklin High Yield Tax-Free Income Fund v. County of Martin, Minn., 152 F.3d 736, 738 (8th Cir. 1998). Finally, the Court generally must ignore materials outside the pleadings, but may consider those materials that are, "necessarily embraced by the pleadings," or "part of the public record or do not contradict the complaint." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (internal quotations and citations omitted).

## DISCUSSION

**I.     Law Of The Case**

As an initial matter, in their response to Defendants' Motion for Judgment on the Pleading, Plaintiffs note that Defendants previously filed a Motion to Dismiss in Missouri State Court, seeking the dismissal of all Counts of Plaintiffs' State Court Petition. (See Plaintiffs' Opp., att. Exh. 2). In an Order entered June 28, 2007, the State Court Judge denied Defendants' motion with respect to Counts II, IV and XI, the Counts at issue here. (Id., att. Exh. 8). Plaintiffs thus maintain Defendants' entire motion must be denied, under the theory of law of the case. (Id., PP. 1-2, 8-9).

Under Missouri law, "[t]he doctrine of law of the case provides that a previous holding in a case constitutes the law of the case and precludes relitigation of the issue on remand and subsequent appeal." Walton v. City of Berkeley, 223 S.W.3d 126, 128-29 (Mo. 2007) (citations omitted). "When a case is removed from state court to federal court, the law of the case doctrine preserves any prior rulings by the state court in that case." Dow v. Jones, 311 F.Supp.2d 461, 465 (D. Md. 2004) (citations omitted). Interlocutory orders, however, "may be reconsidered, amended, reversed or vacated by the trial court at any time prior to final judgment being entered." Macke Laundry Service Ltd. Partnership v. Jetz Service Co., Inc., 931 S.W.2d 166, 176 (Mo. App. 1996) (citation omitted).

Upon consideration, this Court finds the State Court's ruling on Defendants' Motion to Dismiss constituted an interlocutory order, subject to reconsideration and possible reversal. See

Garza v. Valley Crest Landscape Maintenance, Inc., 224 S.W.3d 61, 65 (Mo. App. 2007); Stevenson v. City of St. Louis School Dist., 820 S.W.2d 609, 611 (Mo. App. 1991). Plaintiffs' request that the Court deny the instant motion on the basis of law of the case will therefore be denied. See Macke Laundry, 931 S.W.2d at 176 ("A trial court is in no way bound by a prior ruling in an ongoing proceeding as the 'law of the case'"); Thornton v. Cessna Aircraft Co., 703 F.Supp. 1228, 1231 (D.S.C. 1988) (noting that a prior state court interlocutory ruling, "while to be treated with respect, is neither final nor conclusive," and is subject to reconsideration by a federal court following removal).[6]

## II.     Counts II And IV

According to Plaintiffs, beginning in 1980 or soon thereafter, Masonite became aware through various reports and studies that the Siding was subject to moisture invasion problems and premature failure. (Compl., ¶ 13). In Count II of their Complaint, Plaintiffs allege Defendants engaged in pre-sale intentional suppression, as follows:

> 31.  Since approximately the 1980s, Masonite either knew or should have known that the Siding it was manufacturing, advertising, marketing and distributing was defective and subject to moisture invasion, and therefore was not durable with long term performance, not sturdy, not long lasting, not low maintenance, would result in call backs, would rot, would discolor, would buckle, and would otherwise not perform as represented and warranted by Masonite.
>
> 32.  Masonite was under a duty to affirmatively disclose this information to Plaintiffs, because Masonite was in a superior position to know the true state of the facts about the hidden Siding defects and the known repercussions to Plaintiffs upon purchase and installation, because the defect was latent and would not appear for several years, and because of the special circumstances associated with the use of the product on Plaintiffs' residential apartment buildings at Cedar Run and West Pointe.

---

[6] As further support for its ruling, the Court notes the instant motion is directed to Plaintiffs' First Amended Complaint, not their original Petition as was the earlier motion.

33. As a result of Masonite's suppression of material facts, Plaintiffs acted to their detriment in purchasing and installing the defective Siding at Cedar Run and West Pointe, which they would not have purchased or installed had they been told the truth, and Plaintiffs were thereby proximately damaged and injured as stated hereinabove.

(Id., ¶¶ 31-33). In Count IV, Plaintiffs allege post-sale intentional suppression, as follows:

37. When problems began to arise with the Siding in the form of rot, discoloration, buckling, *etc.*, in an effort to cover up and conceal the true nature of the problem, Masonite represented to the consuming public, including Plaintiffs, that the cause of the problem was poor installation and/or maintenance.

38. Masonite was under a duty to affirmatively disclose to Plaintiffs that the true cause of the referenced problems with the Siding was defective design, because Masonite was in a superior position to know the true state of the facts about the hidden Siding defects and the known repercussions to Plaintiffs upon purchase and installation, because the defect was latent and would not appear for several years, and because of the special circumstances associated with the use of the Siding product on Plaintiffs' residential apartment buildings at Cedar Run and West Pointe.

39. As a result of the foregoing post-sale intentional suppression, Plaintiffs have suffered actual damages, in that they have expended funds to repair defective Siding at Cedar Run and West Pointe at their own expense. Plaintiffs have been further damaged in that the defective Siding has caused damage to other structural parts of the residential apartment buildings at Cedar Run and West Pointe, and has caused Plaintiffs to incur other expenses and lost time, all of which continues and will continue in the future.

(Id., ¶¶ 37-39).

"Under Missouri law, [t]he elements of a fraud action are: (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or his ignorance of its truth, (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated, (6) the hearer's ignorance of the falsity of the representation, (7) the hearer's reliance on the misrepresentation being true, (8) the right to rely thereon, and (9) the hearer's consequent and proximate caused injury." Mash v. Brown & Williamson Tobacco Corp., 2004 WL 3316246 at *9 (E.D. Mo. Aug. 26, 2004) (internal quotations and citations omitted). Missouri does not recognize

fraudulent nondisclosure as a separate tort. John Doe CS v. Capuchin Franciscan Friars, 520 F.Supp.2d 1124, 1133-34 (E.D. Mo. 2007). Rather, "[t]o state an actionable claim of fraudulent suppression, plaintiffs must allege the same nine elements required to establish fraud by affirmative misrepresentation," with a party's silence in the face of a legal duty to speak replacing the first element. Self v. Equilon Enterprises, LLC, 2005 WL 3763533 at *12 (E.D. Mo. Mar. 30, 2005) (citation omitted); John Doe, 520 F.Supp.2d at 1134.

In their motion, Defendants first assert Plaintiffs fail to establish Defendants had a duty to disclose the allegedly defective nature of the Siding. "A duty to disclose does not generally arise in a commercial transaction." Cambridge Engineering, Inc. v. Robertshaw Controls Co., 966 F.Supp. 1509, 1521 (E.D. Mo. 1997) (citation omitted). However, "[a] legal duty to speak may arise from a relationship of trust or confidence, an inequality of condition, or superior knowledge that is not reasonably available to the other party." Moses.com Securities, Inc. v. Comprehensive Software Systems, Inc., 406 F.3d 1052, 1064 (8th Cir. 2005) (internal quotations and citations omitted). Upon consideration, the Court finds Plaintiffs' allegation that Defendants had a legal duty to disclose the facts regarding the Siding's allegedly defective condition, as a result of their superior knowledge, sufficient to withstand the instant Motion for Judgment on the Pleadings.

Defendants next maintain Plaintiffs fail to establish their justifiable reliance on the allegedly concealed facts regarding the Siding. "Unlike the reliance requirement in fraudulent misrepresentation actions, [t]he concept of fraud liability based upon nondisclosure couches such reliance in terms of the availability of the information to the plaintiff and the plaintiff's diligence." Mash, 2004 WL 3316246 at *11 (internal quotations and citations omitted). In other words, "[e]ven with superior knowledge, a duty to disclose will be imposed only if the material facts would not be

discovered through the exercise of ordinary diligence." Hess v. Chase Manhattan Bank, USA, N.A., 220 S.W.3d 758, 766 (Mo. 2007) (citation omitted).

The Court recognizes that, "[t]he right to rely on a representation is generally a question of fact," and further, "the modern trend is not to extend but to restrict the rule requiring diligence in persons to whom representations are made, and to condemn the falsehood of the person making the representation, rather than the credulity of the victim." McClain v. Papka, 108 S.W.3d 48, 52 (Mo. App. 2003) (internal quotations and citations omitted). In the instant case, the Court nevertheless finds Plaintiffs fail to establish a claim of fraudulent suppression, as they do not even allege the undisclosed and concealed information was neither available to Plaintiffs, nor discoverable with reasonable diligence. See Mash, 2004 WL 3316246 at *11. Defendants' Motion for Judgment on the Pleadings as to Counts II and IV must therefore be granted. The Court will grant Plaintiffs until **Friday, May 30, 2008**, however, within which to file a Second Amended Complaint, setting forth all the elements of a claim for intentional suppression.

### III. Count XI

In Count XI of their Complaint, Plaintiffs seek a declaratory judgment, among other things, that Defendants are financially responsible for all the costs and expenses of repairing and replacing the Siding at Cedar Run and West Pointe; that the written express warranty provided by Masonite to Plaintiffs failed of its essential purpose and was unconscionable; and that the purported exclusions of the implied warranties of merchantability and fitness for particular purpose are unenforceable as unconscionable. (Compl., ¶ 64). 28 U.S.C. §2201(a) states in relevant part as follows: "In a case of actual controversy within its jurisdiction,....any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

Upon consideration, the Court will deny Defendants' Motion for Judgment on the Pleadings with respect to Count XI, as the possibility remains that Plaintiffs may obtain relief through their Declaratory Judgment Count that is unavailable under any of the other Counts in the Complaint.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for a Judgment on the Pleading as to Counts II, IV and XI of Plaintiffs' First Amended Complaint (Doc. No. 29) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Plaintiffs are granted until **Friday, May 30, 2008**, within which to file a Second Amended Complaint, curing the above-described deficiencies.

Dated this 14th day of May, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE