UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GANNON JOINT VENTURE LIMITED PARTNERSHIP, et al., | ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) Case No. 4:07CV1242 JCH ) |
| MASONITE CORPORATION, et al., | ) ) |
| Defendant(s). | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant International Paper Company's ("International Paper") Motion to Dismiss Plaintiffs' First Amended Complaint, filed January 8, 2008. (Doc. No. 22). The matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiff Gannon Joint Venture Limited Partnership, a Missouri limited partnership with its principal place of business in the State of Missouri, currently owns the Cedar Run apartment complex ("Cedar Run") in St. Louis, Missouri. (First Amended Complaint ("Complaint" or "Compl."), ¶¶ 1, 8). Plaintiff West Pointe Apartments, L.L.C. ("WPA"), a Missouri limited liability company with its principal place of business in the State of Missouri, currently owns the West Pointe apartment complex ("West Pointe") in St. Louis, Missouri. (Id., ¶¶ 2, 9). WPA acquired its interest in West Pointe from Plaintiff Gannon Partnership 19, L.P. ("GP19"), a Missouri limited partnership with its principal place of business in the State of Missouri, on March 11, 2002. (Id., ¶¶ 3, 9).[1]

---

[1] GP19 owned West Pointe from June 22, 1992, to March 11, 2002. (Compl., ¶ 10).

Defendant Masonite Corporation ("Masonite"), a Delaware corporation authorized to do business in the State of Missouri, has manufactured and distributed a hardboard siding product known as "Stuccato" ("the Siding"). (Compl., ¶¶ 5, 12). From approximately November, 1988, through August, 2001, Masonite was a wholly owned subsidiary of Defendant International Paper, a New York corporation authorized to do business in the State of Missouri. (Compl., ¶¶ 6, 20).

According to Plaintiffs, Masonite failed adequately to design, formulate, and/or test its hardboard Siding before distributing it as a purportedly durable and suitable residential siding product, and further failed to remove the Siding from the marketplace or take other remedial action in a timely manner upon learning of its defective nature. (Compl., ¶ 12).[2] Plaintiffs maintain they were injured by Masonite's failures, as the Siding they purchased and installed at Cedar Run and West Pointe between approximately October, 1997, and December, 2000, began deteriorating in June, 2005, and April, 2004, respectively. (Id., ¶ 22-25).

Plaintiffs filed their original Petition in this matter in Missouri State Court on January 23, 2007. (Plaintiffs' Memorandum in Opposition to Defendant International Paper Company's Motion to Dismiss Plaintiffs' First Amended Complaint ("Plaintiffs' Opp."), P. 2). Defendants removed the action to this Court on July 9, 2007. (Doc. No. 1). In the instant Complaint, filed January 3, 2008, Plaintiffs assert the following claims for relief: Pre-Sale Intentional Suppression (Count II[3]); Post-Sale Intentional Suppression (Count IV[4]); Breach of Express Warranty (Count VI); Breach of Implied

---

[2] Plaintiffs allege that beginning in 1980 or soon thereafter, Masonite was aware the Siding was subject to moisture invasion problems and premature failure due to its defective design. (Compl., ¶ 13). Plaintiffs maintain that despite this knowledge, Masonite continued to sell the Siding without correction, and in fact concealed the Siding's defective nature from the public. (Id.).

[3] Count I of Plaintiffs' Complaint was intentionally omitted. (Doc. No. 17, P. 12).

[4] The parties stipulated to the dismissal with prejudice of Counts III and V of Plaintiffs' Complaint. (Doc. No. 41).

Warranty--Merchantability (Count VII); Breach of Implied Warranty--Fitness for Particular Purpose (Count VIII); Unfair Trade Practices under Mo. Rev. Stat. § 407.020 (Count IX); Negligence (Count X); and Declaratory Judgment (Count XI). (Doc. No. 17, ¶¶ 30-64). Plaintiffs request relief on each Count against both Defendants, jointly and severally. (Id.).

As stated above, International Paper filed the instant Motion to Dismiss Plaintiffs' First Amended Complaint on January 8, 2008, asserting it cannot be held liable for the alleged acts and omissions of its wholly owned subsidiary, Masonite. (Doc. No. 22).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Additionally, the Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the Complaint does not contain, "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Stated differently, to survive a motion to dismiss, the Complaint's factual allegations, "must be enough to raise a right to relief above the speculative level." Id. at 1965 (citations omitted).

## DISCUSSION

### I. Law Of The Case

As an initial matter, in their response to International Paper's Motion to Dismiss, Plaintiffs note that Defendants previously filed a Motion to Dismiss in Missouri State Court, seeking the dismissal of all Counts of Plaintiffs' State Court Petition. (See Plaintiffs' Opp., att. Exh. 2). In an

Order entered June 28, 2007, the State Court Judge denied Defendants' motion with respect to, *inter alia*, Plaintiffs' claims against International Paper. (Id., att. Exh. 8). Plaintiffs thus maintain International Paper's current motion must be denied, under the theory of law of the case. (Id., PP. 1-8).

Under Missouri law, "[t]he doctrine of law of the case provides that a previous holding in a case constitutes the law of the case and precludes relitigation of the issue on remand and subsequent appeal." Walton v. City of Berkeley, 223 S.W.3d 126, 128-29 (Mo. 2007) (citations omitted). "When a case is removed from state court to federal court, the law of the case doctrine preserves any prior rulings by the state court in that case." Dow v. Jones, 311 F.Supp.2d 461, 465 (D. Md. 2004) (citations omitted). Interlocutory orders, however, "may be reconsidered, amended, reversed or vacated by the trial court at any time prior to final judgment being entered." Macke Laundry Service Ltd. Partnership v. Jetz Service Co., Inc., 931 S.W.2d 166, 176 (Mo. App. 1996) (citation omitted).

Upon consideration, this Court finds the State Court's ruling on Defendants' Motion to Dismiss constituted an interlocutory order, subject to reconsideration and possible reversal. See Garza v. Valley Crest Landscape Maintenance, Inc., 224 S.W.3d 61, 65 (Mo. App. 2007); Stevenson v. City of St. Louis School Dist., 820 S.W.2d 609, 611 (Mo. App. 1991). Plaintiffs' request that the Court deny the instant motion on the basis of law of the case will therefore be denied. See Macke Laundry, 931 S.W.2d at 176 ("A trial court is in no way bound by a prior ruling in an ongoing proceeding as the 'law of the case'"); Thornton v. Cessna Aircraft Co., 703 F.Supp. 1228, 1231 (D.S.C. 1988) (noting that a prior state court interlocutory ruling, "while to be treated with respect,

is neither final nor conclusive," and is subject to reconsideration by a federal court following removal).[5]

## II. Alter Ego Theory

In its Motion to Dismiss, International Paper asserts Plaintiffs fail to state a claim against it, as they make no substantive allegations of any act or omission on the part of International Paper. The allegations specifically referencing International Paper state in their entirety as follows:

> 6. Upon information and belief, International Paper is a New York corporation which is authorized to do business in the State of Missouri and which does business in the State of Missouri. International Paper is subject to personal jurisdiction in this Court, as International Paper has transacted business in the State of Missouri, has breached a contract in the State of Missouri, and/or has committed a tort in the State of Missouri....
>
> 20. Upon information and belief, International Paper acquired Masonite in or about 1984, and from approximately November 1988 through August 2001 operated Masonite as a wholly owned subsidiary of International Paper. International Paper, accordingly, is legally responsible for all acts and/or omissions of Masonite set forth herein.[6]

(Compl., ¶¶ 6, 20). Based on these allegations, Plaintiffs seek to hold International Paper legally responsible for the alleged misdeeds of its wholly owned subsidiary, Masonite. (Id., ¶ 64(j)).

"Under Missouri law, there is a presumption of corporate separateness, and courts do not lightly disregard the corporate form to hold a parent company liable for the torts of a subsidiary." Iridex Corp. v. Synergetics USA, Inc., 474 F.Supp.2d 1105, 1109 (E.D. Mo. 2007) (citation omitted). Thus, "[a] wholly owned subsidiary is generally treated as a separate entity." Id. (citation

---

[5] As further support for its ruling, the Court notes the instant motion is directed to Plaintiffs' First Amended Complaint, not their original Petition as was the earlier motion.

[6] As stated above, Plaintiffs then request that the Court enter judgment in their favor against Defendants "jointly and severally."

- 5 -

omitted); see also Mid-Missouri Telephone Co. v. Alma Telephone Co., 18 S.W.3d 578, 582 (Mo. App. 2000).

"For this reason, [n]ormally a parent corporation is not responsible for the acts of its subsidiary corporation." Mid-Missouri Telephone Co., 18 S.W.3d at 582 (internal quotations and citations omitted). "Of course, where circumstances exist that would allow the wronged party to pierce the corporate veil, a parent corporation could then incur liability, thus losing the parent/subsidiary distinction." Id. (citation omitted).

> Missouri courts will "pierce the corporate veil" and hold a defendant liable for the torts of another corporation under the "instrumentality" or "alter ego" rule if the plaintiff can establish:
>
> > (1) Control, not mere majority or complete stock control, but complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
> >
> > (2) such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and
> >
> > (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

Greater St. Louis Const. Laborers Welfare Fund v. Mertens Plumbing and Mechanical, Inc., 2007 WL 4392122 at *3 (E.D. Mo. Dec. 13, 2007) (citations omitted). See also Mid-Missouri Telephone Co., 18 S.W.3d at 582 (internal quotations and citation omitted) ("Such circumstances [permitting the piercing of the corporate veil] are present only where there is such dominion and control that the controlled corporation had no separate mind, will or existence of its own and is but an alter ego for its principal.").

Upon consideration, the Court finds Plaintiffs have failed to allege International Paper exercised the requisite level of control over Masonite. See Mid-Missouri Telephone Co., 18 S.W.3d

at 582. International Paper's Motion to Dismiss Plaintiffs' First Amended Complaint must therefore be granted. See Rolls-Royce Corp. v. Heros, Inc., 2008 WL 783549 at *20 (N.D. Tex. Mar. 25, 2008) (internal quotations and citations omitted) ("Conclusory allegations of alter ego status will not survive a motion to dismiss."); De Jesus v. Sears, Roebuck & Co., Inc., 87 F.3d 65, 70 (2d Cir.) (affirming dismissal of alter ego claim because the pleadings were, "devoid of *any* specific facts or circumstances supporting this assertion."), cert denied, 519 U.S. 1007 (1996). The Court will grant Plaintiffs until **Friday, May 30, 2008**, however, within which to file a Second Amended Complaint curing the above-described deficiency.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant International Paper Company's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. No. 22) is **GRANTED**, and Plaintiffs' First Amended Complaint against Defendant International Paper is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiffs are granted until **Friday, May 30, 2008**, within which to file a Second Amended Complaint, curing the above-described deficiency.

Dated this 14th day of May, 2008.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE